(C.D. 3152)

AMEREX TRADING CORP. ET AL. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 10, 1967)

*Siegel, Mandell & Davidson* for the plaintiffs.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The suits listed in schedule "A," attached hereto and made a part hereof, have been submitted on a written stipulation reading as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiffs and the Assistant Attorney General for the United States:

That the items marked "A", and checked JS AFM GHL JOB (Comm. Spec's initials) by Commodity Specialists Joseph Sollazzo, Alfred F. Manzella, George H. Littlejohn, J. O'Brien (Comm. Spec's name) on the invoices covered by the protests enumerated on the schedule attached hereto and made a part hereof, and assessed with duty at 15 per centum ad valorem under the provisions of paragraph 353, Tariff Act of 1930, as modified by T.D. 51802 consist of earphones, which, in fact, are not suitable for controlling, distributing, producing or rectifying electrical energy.

That said merchandise, in fact, consists of articles having as an essential feature an electrical element or device and are wholly or in chief value of metal.

That said earphones are not dedicated to use with radios.

It is claimed that the merchandise is dutiable at $13\frac{3}{4}$ per centum ad valorem under paragraph 353, as modified by T.D. 52739, or at $12\frac{1}{2}$ per centum ad valorem for merchandise entered for consumption or withdrawn from warehouse on or after July 1, 1962, under the provisions of paragraph 353 of said Act, as modified by T.D. 55615 and T.D. 55816, articles having as an essential feature an electrical element or device, not specially provided for.

That the protests enumerated on the schedule attached hereto and made a part hereof be deemed submitted on this stipulation, the protests being limited to the items marked with the letter "A", as aforesaid, and abandoned as to all other items.

Accepting the foregoing stipulation of facts, we find and hold the items marked "A" and initialed on the invoices by the designated com-

modity specialists to be properly dutiable as articles having as an essential feature an electrical element or device, not specially provided for, at the rate of 13¾ per centum ad valorem under the provisions of paragraph 353, Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, or at the rate of 12½ per centum ad valorem under the provisions of paragraph 353, Tariff Act of 1930, as modified by T.D. 55615 and T.D. 55816, depending upon date of entry or withdrawal from the warehouse.

The protests having been abandoned as to all other merchandise, they are hereby dismissed.

To the extent indicated the specified claim in these protests is sustained; in all other respects and as to all other merchandise all the claims are overruled.

Judgment will be entered accordingly.